IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | : | |
| COMPLAINT OF DAWN BEASLEY, | : | CASE NO. 3:22-CV-110 (CAR) |
| et al, In re 2020 MERCURY | : | |
| NITRO Z-18. | : | |
| _____ | | |

### ORDER ON MOTION FOR JUDGMENT OF EXONERATION BY DEFAULT

Before the Court is Limitation Plaintiffs' Dawn R. Beasley, and John D. Beasley (hereinafter, "Limitation Plaintiffs") Motion for Entry of Judgment of Exoneration by Default Against Non-Appearing Parties and Non-Asserted Claims (hereinafter, respectively, the "Defaulted Parties" and the "Defaulted Claims"). The Limitation Plaintiffs ask this Court to enter a default judgment against the Defaulted Parties and Defaulted Claims. For the reasons discussed below, Plaintiffs' Motion [Doc. 21] is **GRANTED**.

### BACKGROUND

On November 3, 2022, Limitation Plaintiffs filed an action seeking exoneration from or limitation of liability pursuant to the Limitation of Liability Act, 46 U.S.C. §§30501, *et seq.*, and Supplemental Rule (F) for any and all claims arising from liability arising from an Accident that occurred on or about May 22, 2022, on Lake Hartwell near Carters Ferry in Hart County, Georgia (hereinafter, the "Accident") during the Limitation Vessel's Voyage on Lake Hartwell (hereinafter, the "Voyage"), as more fully set forth in

the Limitation Complaint. *See* Limitation Complaint, ECF No. 01. That same day, Limitation Plaintiffs filed a Motion to Approve Security and for Publication and Stay. *See* ECF No. 04. 3.

On November 21, 2022, the Court entered its Order Accepting Security and for Publication and Stay (hereinafter, the "Order"). *See* ECF No. 11. The Order directed potential claimants to file their claims with the Clerk of Court, for the United States District Court for the Middle District of Georgia, and to serve on or mail to Limitation Plaintiffs' counsel a copy thereof on or before January 20, 2023 or be defaulted. *See Id*. The Order further directed Limitation Plaintiffs to publish the Notice specified in the Order in *The Hartwell Sun* for four (4) consecutive weeks beginning before the return date specified in the Order, and to mail a copy of the Notice and Order to every person known to have made or who may make a claim against him or her boat arising from the incident no later than the day of the second publication. *See Id.*

Limitation Plaintiff has complied with the requirements of the Publication Order and Supplemental Admiralty Rule F(4), in part by means of requesting an extended deadline for filing claims by all known potential claimants. *See Notice of Compliance with Supplemental Rules F(4)*, ECF No. 18. Indeed, the Court extended the deadline for certain potential claimants to file and serve their claims to February 15, 2023. ECF No. 17.

The extended deadline for receipt of all claims and answers was February 15, 2023, and as of that date no parties have come forward to file any claims and/or answers in response to Limitation Plaintiffs' Complaint in Admiralty.

On February 17, 2023, Limitation Plaintiffs submitted a Request for Entry of Clerk's Default pursuant to Federal Rules of Civil Procedure 55(a). *See* ECF No. 19. On February 23, 2023, the Clerk of Court issued a Clerk's Default, effectively entering default against the Defaulted Parties and the Defaulted Claims. *See* ECF No. 20.

## CONCLUSION

NOW THEREFORE FINDING that no party has come forth and asserted a Claim in this Court as required under this Court's Order, default judgment against the Defaulted Parties and the Defaulted Claims is proper pursuant to Rule 55(b).

The Court **GRANTS** the Limitation Plaintiffs' Motion [Doc. 21], and **ORDERS** that default judgment be and hereby is entered against the Defaulted Parties and the Defaulted Claims against either the Limitation Plaintiffs or the Limitation Vessel arising from the Accident.

**SO ORDERED**, this 7th day of March, 2023.

s/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT